## Mason and Pritchette *vs.* the Detroit City Bank and others.

1840.
First Circuit.

Mason and
Pritchette
*vs.*
Detroit City
Bank.

Where leave is given to amend an answer, a new answer with the amendments added, must be made, filed, and copy served, or the original answer withdrawn by leave of the court, and the amendments added, or the amendments must refer to the portions of the answer on file, intended to be amended, and specifying their nature and application.

Where amendments were in the form of affidavits, without referring to the answer, it was held to be irregular.

December 1. This was a motion to dissolve an injunction.

The defendants, at a former term, had obtained leave to amend their answer. The papers on file, claimed by the defendants to be amendments, were drawn in the form of affidavits, and do not purport, either in the body or indorsement of them, to be amendments to the answer on file.

The complainants object to hearing the motion to dissolve the injunction, on the ground that no amendment to the answer has been filed or served.

T. Romeyn, for complainants.

The defendants, Howard and the bank, had leave to amend their answer, by having *the answer of the bank sworn to, and its seal verified.*

Without adverting to the *substance* of the affidavits filed as amendments to the answer of the bank, the complainants insist that these amendments are *not legally and formally* before the court, and that they have not been duly served upon the complainants.

The amendments do not refer to the pleadings *on file.*

They should have been added to, or incorporated with them in some way or other.

A new answer should have been drawn, and the amendments made a part of it; and a copy of the *whole* should have been served on the complainants.

The first answer was a *nullity*, for all purposes of a motion to dissolve the injunction. This is admitted; of course, there

was no necessity for excepting to it, to prevent such a motion. When it was perfected, by being properly authenticated, then the right to except became available. But after this no copy was served.

First Circuit.

Mason and
Pritchette
vs.
Detroit City
Bank.

The affidavits of Harris and Brown were served, but with *no notice that they were intended as amendments to the answer*; consequently, the complainants have not had an opportunity of excepting to the amended answer.

Even if the first position of the complainants be incorrect, still it is evident that they have a right in some way or other, to their exceptions, and that this is lost if the motion to dissolve is now heard.

If the court should not deem it necessary, that the defendant should prepare a new answer, still it is beyond question, that the amendments should *refer to the answer on file.* *See* 1 *Hoffm. Pr.* 240, 290, 292.

The amendments should have been made in one of three ways, viz:

1st. A new answer should have been drawn; the amendments added, and the whole served and filed; or

2nd. The old answer should have been taken from the files, by leave of the court; the amendments added, and properly *served on the complainants; or*

3d. The amendments should have been drawn, *referring to the answer on file,* and a copy should have been served, specifying their nature and application.

The papers now produced, are mere general affidavits. *They do not purport to be amendments.* This practice is irregular and mischievous. They do not purport to be amendments to an answer. They do not refer to the *answer as on file,* and if false, *no perjury* can be assigned on them.

J. M. HOWARD, for defendants.

THE CHANCELLOR. The first question presented, is, whether there has been such an amendment made to the answer, as would compel the complainants to regard the answer as filed, and to except, or reply to it.

First Circuit.

Mason and Pritchette
*vs.*
Detroit City Bank.

The defendants, Howard and the Detroit city bank, had leave to amend their answer. The papers purporting to be an amendment, are in the form of affidavits, and are so indorsed.

The amendments should have been added to, or incorporated with the answer, in some way.

A new answer should have been made, the amendments added, served and filed; or

The original answer should have been withdrawn, by leave of the court, and the amendments added and served on the complainants; or

The amendments should have been drawn, referring to the portions of the answer on file, intended to be amended, and specifying their nature and application.

The papers filed, are merely general affidavits, and do not purport to be amendments.

The motion is therefore premature, and cannot now be heard.