LEONTINE J. McWHORTER, d. b. a., *vs.* JAMES H. S. GAM, p. b. r.

New Castle County, May Term, 1896,

**Juctice of the Peace. Judgment. Appeal.**—Where a judgment had been entered by a Justice of the Peace, execution issued and a levy made, the judgment opened for a hearing and the return of referees made of the amount due on the judgment, an appeal will not lie from such finding.

**Same.**—In such case the levy stands as security for what is found due on the judgment.

In 1891 judgment was entered in favor of plaintiff below before a Justice of the Peace in said county on a judgment note for $150.00, with warrant of attorney. In 1895 execution was issued and levy made thereunder. The defendant under the provisions

of Section 12, Chap. 99 of the Revised Code (1893) filed an affi-
davit with the Justice stating that there was nothing due upon the
judgement. Whereupon the Justice awarded a referee trial to deter-
mine whether the judgment had been paid. The referees returned
that $50.00 was still due on the judgment. On that return of the
referees, the defendant, McWhorter, took an appeal to the Superior
Court. Motion by Gam, through his counsel, *Mr. Cooper*, to dis-
miss the appeal on the ground that it does not lie, under the statute.

*P. L. Cooper, Jr.*, for plaintiff below.

*J. H. Rodney*, for defendant below.

Lᴏʀᴇ, C. J., delivered the opinion of the Court.

In the case at bar, judgment had been entered, execution issued
and the levy made thereunder. At the time the judgment was
opened for a hearing it was found that there was due on the judg-
ment and unpaid $50.00; and the statute expressly provides that
where an execution has been levied, as in this case, " levy shall be
a security for what shall be found due the plaintiff upon the judg-
ment." Rev. Code, p. 746. The judgment, therefore, is not
vacated, but the amount due thereunder is ascertained.

If the judgment was vacated, the execution based upon it
would fall, and with it the lien of the party, when the act provides
in such cases that " the judgment and execution shall stand, unless
the defendant give security." *Ringgold vs. Griffin*, 1 Harring. 224.
The appeal is therefore dismissed.